IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

NOAH MONROE TIDWELL,            ]
                                ]
         Petitioner,            ]
                                ]
vs.                             ]        CV-08-JHH-RRA-2053-NW
                                ]
WARDEN FREDDIE BUTLER, et al.,  ]
                                ]
         Respondents.           ]

**MEMORANDUM OPINION**

This is a habeas corpus proceeding. On October 22, 2009 the magistrate judge entered a report and recommendation (doc. #15) recommending that the respondents' motion for summary judgment be granted and the action dismissed. On November 1, 2009, Tidwell filed objections (doc. #17) to the report and recommendation. The matter is now under submission.

In his objections, Tidwell objects to the magistrate judge's finding that the state court's denial of the motion for new trial (based on a claim of ineffective assistance of trial counsel) was a ruling on the merits. In the report and recommendation, the magistrate judge addressed the claim as follows:

> In the motion for new trial, newly appointed counsel raised a claim of ineffective assistance of trial counsel based on allegations which are not at issue here.[1] A hearing was held on the motion on May 11, 2005. There were arguments but no testimony. There were, however, Exhibits filed. Exhibit A, Part 11 of 11, pp. 728-50. Exhibit A, Parts 1-3, pp. 91-254. The circuit court denied the motion for new trial after "consider[ing] the pleadings, memorandum of law and Exhibits

---

[1] In the motion for new trial, counsel argued that trial counsel filed only one pretrial motion, that counsel failed to present witnesses who would have testified that Tidwell was unable to commit the crime because he was sexually dysfunctional, that counsel failed to request a jury instruction on prior bad acts, and that trial counsel's failure to "carry through to the end" was *per se* ineffective assistance of counsel. Exhibit A, Vol. 11 of 11, TR 738.

submitted by the parties and having heard arguments of counsel in open court and the Court being of the opinion that said Motion is due to be Denied." Exhibit A, Part 3, p, 255. This was a ruling on the merits. The claim of ineffective assistance of trial counsel was not raised on direct appeal. Moreover, petitioner has not alleged that appellate counsel was ineffective for failing to raise this claim on direct appeal.

Tidwell argues that because Tim Case, trial counsel, did not testify at the hearing on the motion for new trial and did not submit an affidavit admitting or denying Tidwell's allegation, there could not have been a ruling on the merits of the ineffective assistance of counsel claim. Case actually did submit an affidavit addressing the claim that he was ineffective because he did not present evidence that Tidwell was sexually dysfunctional.[2] In his own affidavit, Case responded to this charge:

> [A]t no time during my representation of the defendant in the above cause did he ever indicate to me or my staff in my presence that he was suffering from sexual dysfunction. At no time did the defendant ever indicate that he had ever been treated for sexual dysfunction.

Exhibit A, part 2 of 11, p. 115.[3]

Tidwell further argues that trial counsel was ineffective because:

> There was absolutely no convincing or corroborated evidence or "stories." The simple gravity of the situation would raise questions: Why would (2) grown females wait so long to report the alleged acts? Why would the Tidwell daughters interact with the father (Tidwell) in a loving and healthy manner for years thereafter?

A review of the record shows that counsel questioned the victims about both their delay in reporting the conduct and their continued family interaction with Tidwell. He also discussed those matters in both opening and closing statements.

---

[2] Tidwell had stated in an affidavit that he was sexually dysfunctional, but that Case had prevented him from presenting proof of this.

[3] Significantly, Tidwell did not allege previously in this court that he was unable to commit the crimes due to sexual dysfunction.

Finally, Tidwell complains, for the first time in this court, that:

> [T]his mockery of justice was full of theatrics such as a Tidwell daughter throwing herself on the floor of the court and crying and screaming "I want my mama" then joined by the other and commenced rolling around in the floor – while jurors cried and became visibly disturbed by the show.

This incident is documented in the trial transcript. Exhibit A, Part 8 of 11, TR. 344-53. Petitioner's counsel moved for a mistrial which the court denied. The court did, however, instruct the jury that it could not consider the display of emotion in deciding the case. Exhibit A, Part 8 of 11, TR. 353. In response to the motion for new trial, the state submitted the affidavits of eight jurors who each testified that the display of emotion was not considered by the jury. Exhibit A, Part 4 of 11, pp. 322-29.

Finally, Tidwell argues that this is an unusual case because his trial attorney had pending complaints with the Alabama Bar during his representation of petitioner, and that counsel was addicted to cocaine. Also, he alleges for the first time in this court that Case forged petitioner's waivers of arraignment and that the "trial court allowed trial to proceed even when counsel did not show up and/or was late, unprepared, unkept, confused, and irrational at any proceeding including trial." A review of the trial transcript indicates that Case argued vehemently for his client. Further, the transcript does not indicate any lack of preparation or that counsel was confused or irrational.

Tidwell's ineffective assistance of trial counsel claim was denied on the merits in state court. The petitioner has failed to show that the state court's denial of the claim resulted in a decision that was contrary to or involved an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), the applicable United States Supreme Court law, or that the decision was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceedings. 28 U.S.C. § 2254(d). Thus, the claim is due to be dismissed, as recommended by the magistrate judge.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. The court expressly concludes that there is no dispute as to any material fact and that respondents are entitled to judgment in their favor as a matter of law. A separate final judgment in favor of respondents will be entered.

**DONE** this the ___25th___ day of January, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE